IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

| | |
|---|---|
| **JACQUELINE FIELDS,** | Shelby Juvenile No. E0932<br>The Hon. A. V. McDowell, |
| Petitioner-Appellant, | Judge |
| Vs. | **REMANDED**<br>C.A. No. 02A01-9804-JV-00118 |
| **VINCENT SCOTT FIFER,** | Weissman & Associates<br>of Memphis, For Appellant |
| Defendant-Appellee. | Charles A. Sevier and Gail<br>R. Sevier of Memphis,<br>For Appellee |

**FILED**

**August 2, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]
_____

This case, which is before us a second time, involves a child support controversy. Petitioner-Appellant, Jacqueline B. Fields, appeals the juvenile court's order modifying the amount of child support that Respondent-Appellee, Vincent Scott Fifer, was originally ordered to pay.

On August 18, 1993, Ms. Fields filed a petition against Mr. Fifer in the Juvenile Court of Memphis and Shelby County to establish paternity of Brandon Lawrence Fields (now Brandon Lawrence Fifer), born August 31, 1992, and to set child support. On September 15, 1993, the juvenile court entered a default judgment declaring Mr. Fifer the father of the minor child and setting monthly child support at $1,155.00. Mr. Fifer's subsequent motion to set aside the default judgment as to child support was granted and a hearing was held on September 30, 1993. Following the hearing, the juvenile court reset the monthly child support at $840.00. The judge deviated downward from the amount required by the Tennessee Child Support Guidelines finding that application of the guidelines would be unjust and inappropriate.

Ms. Fields appealed to this Court and on September 20, 1995, the Court filed a memorandum opinion that vacated the order of the juvenile court and remanded the case for a

_____

[1]   Rule 10 (Court of Appeals). *Memorandum Opinion*.--(b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.   When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

determination of Mr. Fifer's gross income, a determination of the amount of support applicable under the guidelines, and written findings as required by T.C.A. § 36-5-101(e)(1). On remand, the juvenile court, in an order filed on February 13, 1996, found Mr. Fifer's monthly gross income to be $7,176.00 and guideline support to be $1,055.00 per month. However, finding application of the guidelines to be unjust and inappropriate given Mr. Fifer's monthly income deficiency due to his many expenses and debts (some of which were court ordered),[2] the judge again set child support at $840.00 per month.

On March 4, 1996, Ms. Fields filed a "Petition to Modify Order" with regard to the juvenile court's order setting child support at $840.00 per month. In the petition, Ms. Fields requested that the amount of child support be increased due to a change in circumstances in that the expenses for the minor child had greatly increased, that Mr. Fifer's salary had increased, and that Mr. Fifer is capable of paying an increase in child support. Ms. Fields also filed a notice of appeal to this Court on March 13, 1996.[3] On April 3, 1996, Mr. Fifer filed a motion requesting a stay of the petition to modify which was granted by the juvenile court due to the appeal to this Court.

Mr. Fifer filed a motion to dismiss the petition to modify and after this motion was dismissed, a hearing was held. On March 12, 1998, the juvenile court entered an order styled "Modification of Order" in which the court increased monthly child support payments to $1,378.65 and ordered Mr. Fifer to pay $250.00 per month into a trust fund for the minor child. This appeal ensued.[4]

---

[2] On March 17, 1994, Mr. Fifer and his wife, who was not Ms. Fields, entered into a marital dissolution agreement which was incorporated into the final decree of divorce. In the decree, Mr. Fifer was ordered, *inter alia*, to pay his wife rehabilitative alimony in the amount of $2,200.00 per month for three years, $1,750.00 per month for the fourth year following the divorce, $1,500.00 per month for the fifth and sixth years following the divorce, and $1,000.00 per month for the seventh, eighth, ninth and tenth years following the divorce.

[3] On October 12, 1998, Mr. Fifer filed a motion to dismiss this appeal for Ms. Fields' failure to file a transcript or statement of the evidence or a statement that there would be no transcript as required by T.R.A.P. 24. In the alternative, Mr. Fifer sought dismissal for Ms. Fields' failure to prosecute the appeal.
After consideration of the foregoing, this Court entered an order on November 12, 1998, dismissing the appeal for Ms. Fields' failure to file a transcript.

[4] Upon consideration of a petition for rehearing filed by Ms. Fields, this Court, on January 19, 1999, entered an order finding that all issues raised in the notice of appeal filed on March 13, 1996 are a part of the current appeal and may be addressed therein. This was determined to be the case since the earlier notice of appeal was not ripe for appeal because of the petition to modify filed on March 4, 1996 which this Court considered to be a Tenn. R. Civ. P.

In her initial brief to this Court, Ms. Fields raises the following issue for our review:

> Did the trial court err in setting the required child support below the Tennessee guidelines on grounds of the Defendant's obligation of court-ordered alimony?

However, in her supplemental brief, Ms. Fields raises the following additional issues:

> 1. Did the Honorable Special Judge of the Juvenile Court of Memphis and Shelby County, Tennessee err in setting child support for the parties' minor child in an amount less than the Tennessee Child Support Guidelines promulgated by the Tennessee Department of Human Services?
>
> 2. Did the Honorable Special Judge err when he failed to include as the defendant's gross income, income received from the sale of stock (and from bonuses or commissions) in light of Rule 1240-2-4.03(3) of the Tennessee Child Support Guidelines, which provides that gross income includes income from any source?
>
> 3. Did the Honorable Special Judge err in not considering the amount of visitation that the defendant actually spends with the minor child when the Tennessee Child Support Guidelines Rule 1240-2-4.04 states that child support can be increased when the child does not stay overnight with the obligor for the average amount of visitation as promulgated by the Tennessee Child Support Guidelines?

While Ms. Fields styled her March 1996 pleading as a "Petition to Modify Order" and included language requesting an increase in child support due to a change in circumstances, we consider this to be a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment since it was filed within thirty days of the order of the juvenile court. For whatever reason, the juvenile court failed to rule on this motion for approximately two years, and, when it did consider the motion, the juvenile court treated it as a petition to modify child support due to a change in Mr. Fifer's financial situation, thus considering matters improper to a Rule 59.04 motion.

As we view the record in this case, after the initial remand from this Court, the juvenile court entered a final judgment on February 13, 1996, again setting the child support at $840.00 per month. On March 4, 1996, Ms. Fields filed a "Petition to Modify Order," which specifically sought to increase the amount of support awarded in the February order and which is, in effect, a 59.04 motion. In January of 1998, the court held a hearing on the March 1996 motion, and on March 12, 1998, entered an order styled "Modification of Order" setting child support at $1,378.65 per month, plus ordering Mr. Fifer to pay $250.00 per month into a trust fund. The

---

59.04 motion to alter or amend a judgment thus tolling the time for filing the notice of appeal until the trial court disposes of the motion.

order specifically provides that payments are to begin March 15, 1998.

It is apparent that the trial court failed to consider Ms. Fields's motion as it related to the February 13, 1996 final judgment. No provision is made in the order concerning the interim time between February of 1996 to March of 1998. The record in this case indicates that it is now in a state approaching a "procedural nightmare." For that reason, this is an appropriate case for the application of T.C.A. § 27-3-128 (1990) which provides:

> **27-3-128. Remand for correction of record. --** The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

On remand, the juvenile court should first consider Ms. Fields's 59.04 motion relating to the February 1996 order. After making a determination of the proper amount of support as of February 1996, the parties can then file appropriate motions to modify and then determine if there is presently a significant variance between the child support award and the amount provided for in the guidelines. In considering the motions to modify, the court should give due regard to the effective date of any order of modification and make a determination concerning an arrearage or overpayment of support during the time the February 1996 order was in effect.

Counsel for the parties should cooperate to get the record in proper form and thus insure prompt payment of the support to which the child is entitled. Pending an order by the court on remand, the trial court's order of March 1998 shall remain in full force and effect.

Costs of the appeal are assessed equally against the parties.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**